BRYAN SCHRODER
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: stephan.collins@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:17-cr-000129-SLG |
| ) | |
| Plaintiff, ) | **UNITED STATES' SENTENCING** |
| vs. ) | **MEMORANDUM** |
| ) | |
| JEFFREY GEORGE ROBINSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SUMMARY OF SENTENCING RECOMMENDATIONS

TERM OF IMPRISONMENT……………………………………....…………108 MONTHS

TERM OF SUPERVISED RELEASE……………………………………….……60 MONTHS

SPECIAL ASSESSMENT……………………………………………………………$100.00

FORFEITURE……………………………………………………………………………..NA

RESTITUTION……………………………………………………………………………NA

## I. GUIDELINE APPLICATIONS

### A. Total Adjusted Offense Level

Following his guilty plea, the defendant stands convicted on one count of drug conspiracy, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). The United States Probation Office, in the defendant's presentence report, has calculated the defendant's total adjusted offense level to be 29. The USPO has also recommended that the Court find the defendant's criminal history category to be VI. The United States has no objections to the presentence report.

## II. SENTENCE RECOMMENDATION

The advisory guidelines recommend a sentence of between 151 and 188 months of imprisonment. The USPO recommends a sentence of 108 months of imprisonment. Consistent with the agreed upon terms of the plea agreement filed at Docket 96, the United States recommends a sentence of 108 months of imprisonment.

## III. FACTORS PURUSANT TO 18 U.S.C. § 3553(a)

In addition to calculating the defendant's sentencing range under the advisory Sentencing Guidelines, the Court must also consider the factors and purposes enumerated in 18 U.S.C. § 3553(a). In its sentencing recommendation, the USPO has laid out what it considers to be the salient 3553(a) factors that support their recommendation of a sentence variance. The United States agrees with that assessment, for the most part.

While he does not fall within the guideline definition of "Career Offender," the defendant nonetheless has devoted his life to being a criminal repeat offender. He has devoted himself to that endeavor for so long and with such dedication that he has permanently identified himself as a member of the "1488" prison gang. There is little to no likelihood that at this stage in his life he will divert himself from that course. Incarceration is the only viable and realistic goal that can

provide the general public a modicum of protection from the defendant's proclivity for crime.

## IV. CONCLUSION

In light of the factors detailed herein, and for the reasons set forth in the defendant's presence report, and consistent with the terms of the plea agreement, the United States respectfully recommends a sentence of 108 months of imprisonment with a term of 60 months of supervised release to follow. The United States does not seek the imposition of a fine. There is no restitution to be calculated or ordered. The special assessment of $100.00 is mandatory. Under the terms of the plea agreement, the Court is not required to enter an order of forfeiture.

RESPECTFULLY SUBMITTED December 6, 2018, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Stephan A. Collins
STEPHAN A. COLLINS
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2018
a true and correct copy of the foregoing was
served electronically on the following:

Jeffry W. Robinson

s/ Stephan A. Collins
Office of the U.S. Attorney